Appeal Affirmed and Opinion Filed February 26, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01714-CR

## ALEXANDER GRANT HALL. APPELLANT

## V.

## THE STATE OF TEXAS, APPELLEE

**On Appeal from the County Court at Law No. 1**
**Grayson County, Texas**
**Trial Court Cause No. 2011-1-104**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

Alexander Grant Hall appeals his conviction for DWI. Appellant claims his Fifth Amendment protection against Double Jeopardy was violated because of the multiple punishments he received for the same offense. We affirm the trial court's judgment. The background of this case and the evidence adduced at the plea hearing are well known to the parties, and therefore we limit recitation of the facts to those necessary to address appellant's complaints on appeal. We issue this memorandum opinion because the law to be applied in this case is well settled. *See* TEX. R. APP. P. 47.4.

*Background*

On July 5, 2009, appellant was involved in a motor vehicle collision when the vehicle appellant was operating hit another vehicle and caused bodily injury to Nanci Kelly. Appellant was originally arrested for driving while intoxicated ("DWI") and intoxication assault causing serious bodily injury. After further investigation, the case was submitted to a grand jury and appellant was subsequently charged with aggravated assault with a deadly weapon. On March 26, 2010, appellant pleaded guilty to aggravated assault with a deadly weapon and was sentenced to eight years deferred adjudication. On January 28, 2011, the State charged appellant with driving while intoxicated ("DWI") stemming from the same July 2009 collision that resulted in the aggravated assault charges. Appellant filed a pre-trial application for writ of habeas corpus seeking relief from double jeopardy and a motion to dismiss the indictment which was denied. On December 2, 2011, appellant pleaded guilty to the DWI and was sentenced to confinement for 90 days.

*Analysis*

Appellant contends that his convictions violate the constitutional guarantee against double jeopardy. U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 14. In a single issue, appellant argues that his convictions for both aggravated assault and DWI constitute double jeopardy.

The Fifth Amendment to the United States Constitution stipulates that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This provision applies to the states as incorporated in the Due Process Clause of the Fourteenth Amendment. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980). The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Bigon v. State*,

- 3 -

252 S.W.3d 360, 369 (Tex. Crim. App. App. 2008). Appellant appears to invoke the second and third circumstances, both of which require - for double-jeopardy purposes - a determination of whether his two convictions were for the same offense. When the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932). To determine whether two crimes are the same for double jeopardy purposes, we focus on the elements alleged in the charging instrument. *Bigon*, 252 S.W.3d at 370.

Appellant's aggravated assault indictment, based on Texas Penal Code sections 22.01(a)(1) and 22.02(a)(2), reads, in pertinent part, as follows:

> Alexander Hall, hereinafter called "Defendant" did then and there recklessly cause bodily injury to Nanci Kelly by hitting a vehicle in which the said Nanci Kelly was situated with a vehicle operated by the defendant, by driving said vehicle after ingesting alcohol, by driving the vehicle while intoxicated, by failing to brake his vehicle, by driving his vehicle at a speed unsafe for the circumstances then existing, by failing to keep a proper lookout *or by any combination of the foregoing*, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a motor vehicle, that in the manner of its use or intended use is capable of causing death or serious bodily injury, during the commission of said assault, . . . . (emphasis added)

Appellant's DWI complaint and information, based on Texas Penal Code section 49.04, reads, in pertinent part as follows: "Alexander Hall did then and there operate a motor vehicle in a public place while the said defendant was intoxicated."

We are unable to compare the factual aspects of the aggravated assault with the facts in the DWI because the former was not included in the record before us.[1] The indictment for aggravated assault provided five different manners and means by which appellant caused Kelly's

---

[1] Nothing in the record indicates appellant only pleaded guilty to aggravated assault and causing the injury by driving the vehicle while intoxicated. The record is void of any factual evidence produced during the aggravated assault proceedings.

-4-

injuries: 1) by driving the vehicle after ingesting alcohol; 2) by driving the vehicle while intoxicated; 3) by failing to brake his vehicle; 4) by driving his vehicle at a speed unsafe for the circumstances then existing; and 5) by failing to keep a proper lookout. Appellant entered a plea of guilty to the indictment as a whole, not just driving while intoxicated. It is apparent that if we look to the DWI offense, the State was required to prove appellant was intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012). Appellant could have pleaded guilty to the aggravated assault based on causing the injury by failing to brake his vehicle, driving at an unsafe speed, or failing to keep a proper lookout. If so, the DWI offense would require proof which would not necessarily be part of the proof in the aggravated assault case. Sections 22.02(a) and 49.04 each require proof of a fact that the other does not. TEX. PENAL CODE ANN. §§ 22.02(a) & 49.04 (West 2011 & Supp. 2012); *see also Dodson v. State*, No. 05-10-00764-CR, 2011 WL 5865733, *2 (Tex. App.—Dallas 2011, no pet.) (mem. op., not designated for publication) (finding a DWI conviction was not a double jeopardy violation - it was not apparent on the face of the record when a jury could have convicted appellant of aggravated assault on an alternative manner and means). Thus, the *Blockburger* test is satisfied. *See* 284 U.S. at 304. We conclude there is no double jeopardy violation, and we overrule appellant's single issue.

**Conclusion**

Because we conclude there is no double jeopardy violation, we affirm the trial court's judgment.

_____
DAVID LEWIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.

111714F.U05

- 5 -



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

ALEXANDER GRANT HALL, Appellant

No. 05-11-01714-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Grayson County, Texas
Trial Court Cause No. 2011-1-104.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of February, 2013.

DAVID LEWIS
JUSTICE